Filed 12/11/25  P. v. Harris CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338194 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA076215) |
| v. | |
| ADONIS B. HARRIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa Strassner, Judge.  Vacated and remanded, with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Christopher G. Sanchez and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**INTRODUCTION**

Adonis B. Harris appeals the superior court's resentencing determination under Penal Code section 1172.75 on his 2019 conviction for possession of a controlled substance while in a custodial facility. That sentence was imposed consecutive to a 2013 sentence for manslaughter, which he is currently serving, and which does not contain a legally invalid enhancement.[1] Because Harris is not yet eligible for section 1172.75 resentencing, we reverse and vacate the resentencing order.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. *Conviction and Sentence*

In 2013, Harris was convicted and sentenced to a 42-year prison term for voluntary manslaughter, which he is currently serving, and which does not contain a prior prison term enhancement. In 2019, Harris was charged with two counts of possessing a controlled substance in a custodial facility (§ 4573.6, subd. (a)). The 2019 information alleged that Harris had two prior strike convictions for serious and/or violent felonies (§§ 667, subd. (d), 1170, subd. (h)(3), 1170.12, subd. (b)) and that he had suffered a prior prison term within the meaning of section 667.5, subdivision (b).[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Harris was convicted of burglary in 2009 and sentenced to two years. For purposes of the 2019 information, this conviction constituted Harris's second strike conviction (in addition to the 2013 manslaughter conviction) and qualified as a prior prison term under section 667.5, subdivision (b).

Pursuant to a plea agreement, Harris pleaded no contest to both counts of possession and admitted the section 667.5, subdivision (b), prior prison term enhancement. Harris agreed to an aggregate sentence of six years, which was comprised of an upper term sentence of four years on the first count, one year on the second count (one-third the midterm of three years), and one year for the section 667.5, subdivision (b), enhancement. The People dismissed the prior strike allegations pursuant to the plea agreement. Harris's 2019 sentence was to run consecutive to his 2013 sentence.

B.  *Section 1172.75 Resentencing Proceedings*

In November 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Harris as eligible for resentencing under Senate Bill No. 483. Through appointed counsel, Harris argued that under Senate Bill No. 483, the court must strike his section 667.5, subdivision (b), enhancement as legally invalid. Harris further argued the court should conduct "a full resentencing hearing" and "select the low term of two (2) years for . . . an aggregate term of imprisonment of three (3) years." In support of the low term, Harris argued he had "suffered significant childhood trauma" and cited his participation in educational and mental health programs while incarcerated.

The People agreed "the one-year sentence imposed pursuant to Penal Code section 667.5(b) should be stricken," but in their opposition brief the People "oppose[d] any further resentencing beyond the striking of one year." The People argued that additional resentencing would endanger public safety in light of Harris's criminal history, including 11 juvenile

3

adjudications and convictions spanning from 2002 to 2019, and Harris's prison disciplinary record of "37 violations, most of which are classified as 'serious' violations."

At the resentencing hearing, Harris asserted the court should also resentence him for his 2013 voluntary manslaughter conviction. Harris argued "[h]e was serving time on that case when he picked up this one, so technically it's one sentence or one term" and thus subject to the full resentencing required by Senate Bill No. 483. The court rejected Harris's request, reasoning that "it's not technically one term. . . . They are different case numbers, different jurisdictions. The court does not have jurisdiction on that case nor does the court have any indication that he was serving any one-year state prison priors on that 42-year sentence that he's currently still serving."

The court stated it would strike Harris's section 667.5, subdivision (b), enhancement on his 2019 conviction as "now invalid under SB 483." But "based upon the current charges, his prior crimes and conduct in prison," the court declined to "further reduce his sentence beyond the one-year prior . . . find[ing] defendant to be a danger to public safety, and a lesser sentence would endanger public safety." The court reimposed the upper term of four years on the base possession count, plus one year on the second possession count, for a total of five years.

Harris timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

In January 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) retroactively invalidated all prior prison term

enhancements under section 667.5, subdivision (b), except those enhancements based on a conviction for a sexually violent offense.  (See *People v. Green* (2024) 104 Cal.App.5th 365, 368; accord, *People v. Rogers* (2025) 108 Cal.App.5th 340, 348, fn. 5.)  The bill created former section 1171.1, now section 1172.75, "establish[ing] a mechanism to provide affected defendants a remedy for those legally invalid enhancements."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

Resentencing under section 1172.75 begins when CDCR identifies a defendant in custody "currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b).  (§ 1172.75, subd. (b).)  Once the court "verif[ies]" that "the current judgment includes [such a] sentencing enhancement[,] . . . the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  Beyond striking the invalid section 667.5, subdivision (b), enhancements, section 1172.75 requires a full resentencing when a defendant is statutorily eligible for relief.  (See *People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

We review the interpretation of a statute de novo.  (See *People v. Jimenez* (2020) 9 Cal.5th 53, 61.)  When interpreting statutes, our goal is to """"ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.""""  (*People v. Albillar* (2010) 51 Cal.4th 47, 54-55.)  """"[W]e begin with the plain, commonsense meaning of the language used by the Legislature.  [Citation.]  If the language is unambiguous, the plain meaning controls.""""  (*People v. Johnson* (2013) 57 Cal.4th 250, 260.)  """"We must harmonize 'the various parts of a statutory enactment . . . by

considering the particular clause or section in the context of the statutory framework as a whole.""'" (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) We also review a defendant's eligibility for resentencing under section 1172.75 de novo. (See *People v. Tang* (2025) 109 Cal.App.5th 1003, 1007.)

B.  *Harris Is Currently Ineligible for Section 1172.75 Resentencing*

The People argue Harris was ineligible for section 1172.75 resentencing because "he was not currently serving a sentence with a prior prison term enhancement—as he was, and still is, serving his sentence for voluntary manslaughter." The People request "remand to the superior court with instructions to reinstate his original sentence." Harris concedes that he was "sentenced to 42 years in state prison for [his] 201[3] [manslaughter] conviction" and that he "will not commence serving the judgment for [his] 2019 conviction until he has served the judgment for [his] 201[3] conviction."[3]

As stated, section 1172.75 authorizes resentencing for "those persons in [CDCR] custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b). (§ 1172.75, subd. (b).) When CDCR identifies such a defendant for resentencing, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement [under section 667.5, subdivision (b)]. If the court determines that the current judgment includes [such]

---

[3]  Harris's briefing asserts that he was convicted of manslaughter in 2011, but the probation report documents that Harris was arrested in 2011 for that case and subsequently convicted in 2013.

6

an enhancement . . . , the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Courts have held this language precludes resentencing defendants who have already served the judgment that includes a section 667.5, subdivision (b), enhancement and are currently serving a sentence on a different judgment for an in-prison offense. (See *People v. McKean* (2025) 115 Cal.App.5th 46, 53, 56 (*McKean*); *People v. Escobedo* (2023) 95 Cal.App.5th 440, 451 (*Escobedo*).)

The parties have not cited any case addressing eligibility for section 1172.75 resentencing where the defendant has yet to serve the sentence on the judgment that includes a section 667.5, subdivision (b), enhancement. As in *McKean* and *Escobedo*, we conclude that under the plain language of section 1172.75, a defendant is eligible for resentencing only "if the court determines that the current judgment includes an enhancement" under section 667.5, subdivision (b).[4] (§ 1172.75, subd. (c).) While the statutory language is clear, Senate Bill No. 483's

---

[4] In this case, CDCR identified Harris as eligible for resentencing, and the People conceded at the resentencing hearing that the superior court should strike Harris's "one-year sentence imposed pursuant to Penal Code section 667.5(b)." Despite the People's position in the superior court that Harris was eligible for resentencing, we conclude this argument is not forfeited because the superior court was required to verify Harris's eligibility under section 1172.75, subdivision (c), before ordering resentencing. (See § 1172.75, subd. (c).) Further, we may review an unauthorized sentence regardless of whether an objection or argument was raised in the trial court. (See *People v. Smith* (2001) 24 Cal.4th 849, 852; accord, *In re Sheena K.* (2007) 40 Cal.4th 875, 887.) Harris does not argue, and we need not decide, whether the People are estopped from raising the argument on appeal.

statement of legislative purpose further confirms its intended application to "all persons currently serving a term of incarceration in jail or prison for the[] repealed sentence enhancements." (See *Escobedo*, *supra*, 95 Cal.App.5th at p. 451.) For these reasons, we conclude a defendant who is not yet serving a sentence for a judgment that includes a section 667.5, subdivision (b), enhancement is ineligible for section 1172.75 resentencing relief until the defendant begins serving the affected sentence.

Harris contends he is presently eligible for resentencing because his "201[3] and 2019 sentences should be viewed as a single judgment for purpose of applying section 1172.75." This argument is foreclosed by precedent. The California Supreme Court has held that "new crimes committed while in prison are treated as separate offenses and begin a new aggregate term." (*People v. Langston* (2004) 33 Cal.4th 1237, 1242; accord, *Escobedo*, *supra*, 95 Cal.App.5th at p. 452 [rejecting argument that an original prison term and a consecutive term for an in-prison offense are considered together for § 1172.75 resentencing purposes]; *In re Tate* (2006) 135 Cal.App.4th 756, 764-765.) Under this rule, Harris's sentence for manslaughter remains distinct from his sentence for possession of a controlled substance. As the superior court found, Harris's manslaughter judgment did not contain any prior prison term enhancements under section 667.5, subdivision (b), and Harris does not argue that this determination was erroneous or that his manslaughter conviction is independently eligible for section 1172.75 relief.

Harris also argues that "there is no dispute that [he] should not serve the sentences for the prior prison term enhancement[] imposed at the 2019 sentencing hearing." In his view, it would be

an "absurd result" if resentencing relief is denied because his enhancement is "invalid under current law" and "the Legislature has expressed a clear desire that defendants in [his] situation should not have to serve time for prior prison term enhancements." As stated, however, both the plain language and the legislative intent are clear that section 1172.75 applies only to those "currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b). (§ 1172.75, subd. (b).) Harris does not offer a persuasive contrary interpretation of the statutory language or address the legislative history.

Harris further argues that, if he is not eligible for resentencing at this time, there is "no avenue available to him to have the prior prison term enhancements stricken when he starts serving his sentence for the 2019 conviction." Harris contends that CDCR must initiate the resentencing process under section 1172.75, its duty to identify eligible defendants concluded on July 1, 2022, and the statutory provision states that all resentencing "shall be completed" by December 31, 2023. (See § 1172.75, subds. (b)(2), (c)(2).) But that deadline is directory rather than mandatory. (See *People v. Cota* (2025) 112 Cal.App.5th 1118, 1129-1131, review granted Oct. 1, 2025, S292637.) Additionally, Harris may choose to file a petition for a writ of habeas corpus to request relief from the invalid prior prison term enhancement once he begins serving his sentence for possession of a controlled substance. (See *Escobedo, supra*, 95 Cal.App.5th at p. 449 [while § 1172.75 does not authorize a freestanding motion for resentencing, "'[a] defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for writ of habeas corpus'"].)

## DISPOSITION

The order of resentencing is vacated, and on remand the court is directed to reinstate Harris's original sentence.


MARTINEZ, P. J.

We concur:



SEGAL, J.                                    STONE, J.